OPINION
{¶ 1} Defendant-appellant, Tony M.D., appeals the decision of the Clermont County Court of Common Pleas, Juvenile Division, excluding him as the biological father of a minor child, ordering that appellant's name be removed from the child's birth certificate, and ordering that the child's name be changed.[1] We affirm the trial court's decision.
 {¶ 2} Plaintiff-appellee, Jennifer C., is the biological mother of M.T.D., who is a minor child born on March 6, 2000. The parties lived together from June 1999 until October 2003 as a family unit. On February 12, 2004, appellee filed a complaint for paternity, requesting that appellant's name be removed from M.T.D.'s birth certificate and that the child's last name be changed to her last name. On April 23, 2004, appellee filed a motion for relief from paternity determination pursuant to R.C. 3119.961, requesting genetic testing so that appellant could be excluded as the biological parent of the child.
 {¶ 3} After a hearing on April 26, 2004, the trial court found that appellee is not a person entitled to relief under R.C. 3119.961 because there had been no final judgment, court order, or administrative determination that appellant is the biological father of the child. Instead, the trial court construed appellee's motion as an original action for paternity pursuant to R.C. 3111.04, and ordered the parties to submit to genetic testing pursuant to R.C. 3111.04(A)(1).
 {¶ 4} On December 20, 2004, after submitting to genetic testing, the parties stipulated that appellee is the biological mother of the child, that appellant is the named father on the child's birth certificate, and that the results of the genetic testing indicated a 0.00% probability that appellant is the biological father of the child. In addition, the parties stipulated that on March 8, 2000, they signed an Acknowledgment of Paternity Affidavit, in which they represented that they were the child's biological parents. Notwithstanding the acknowledgment of paternity, the trial court excluded appellant as the child's biological father based on the results of the genetic testing, ordered that his name be removed from the child's birth certificate, and ordered that the child's last name be changed to appellee's last name. Appellant appeals the trial court's decision, raising three assignments of error. For the purpose of clarity, we will address some assignments of error together.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN NOT FINDING THAT THE ACKNOWLEDGMENT OF PATERNITY AFFIDAVIT WAS FINAL AND ENFORCEABLE PURSUANT TO OHIO REVISED CODE SECTION 3111.25 AND 3111.26."
 {¶ 7} Assignment of Error No. 3:
 {¶ 8} "THE TRIAL COURT LACKED JURISDICTION TO MAKE THE ORDER OF DECEMBER 20, 2004, IN REGARDS TO THE BIRTH CERTIFICATE AND THE NAME CHANGE OF THE MINOR CHILD."
 {¶ 9} Appellant argues that the trial court erred in ignoring the existence and effect of the paternity acknowledgment. Appellant maintains that the acknowledgement of paternity was final, and that the trial court did not have jurisdiction to determine paternity, change the birth certificate, or to change the child's name.
 {¶ 10} According to the record, appellee, acting pro se, filed a complaint for paternity. Appellee then obtained counsel, and filed a motion under R.C. 3119.961 for relief from an acknowledgment of paternity. In its decision, the trial court found that appellee is not a person entitled to relief under R.C. 3119.961, as she is not a person who has been determined by final judgment, court order, or administrative determination to be the father of the child in question.[2] The court went on to construe appellee's pro se complaint for paternity as an action to determine paternity pursuant to R.C. 3111.04(A). At the time the court issued its decision finding that appellee is not entitled to relief under R.C. 3119.961 and that the matter would proceed as an action to determine paternity, the court was not aware of the existence of the acknowledgment of paternity, as appellant failed to make the acknowledgment part of the record until December 20, 2004.
 {¶ 11} R.C. 3111.26 provides, "[a]fter an acknowledgment of paternity becomes final and enforceable, the child is the child of the man who signed the acknowledgment of paternity, as though born to him in lawful wedlock." R.C. 3111.25 provides that "[a]n acknowledgment of paternity is final and enforceable without ratification by a court when the acknowledgment has been filed with the office of child support, the information on the acknowledgment has been entered in the birth registry, and the acknowledgement has not been rescinded and is not subject to possible recession pursuant to [R.C. 3111.27]."
 {¶ 12} According to the record, the acknowledgment of paternity was entered in the birth registry and has not been rescinded. However, appellant failed to show that the acknowledgment has been filed with the office of child support, which is required for an acknowledgment of paternity to be final and enforceable. See R.C. 3111.25. Accordingly, we find that the trial court did not err in excluding appellant as the child's biological father, notwithstanding the existence of the acknowledgment of paternity. Even though the trial court learned of the existence of the acknowledgment before making a final determination of paternity, appellant failed to prove that the acknowledgment was final and enforceable.
 {¶ 13} Further, we find the trial court had jurisdiction to order that appellant's name be removed from the birth certificate and that the child's last name be changed to appellee's last name. R.C. Chapter 3111 permits a trial court to modify a birth certificate and to decide the issue of a name change at the time parentage is established. See R.C.3111.13. Appellant's first and third assignments of error are overruled.
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "THE TRIAL COURT ERRED IN NOT CONSIDERING WHETHER THE APPELLEE HAD AVAILED HERSELF OF THE RECISSION (SIC) RELIEF AVAILABLE PURSUANT TO OHIO REVISED CODE SECTIONS 3111.27 AND 3111.28."
 {¶ 16} Appellant argues that the trial court erred in failing to consider the effect of appellee's failure to pursue relief under R.C.3111.27 and R.C. 3111.28. Appellant maintains that because appellee did not rescind the acknowledgment within the required statutory time frames, the acknowledgment cannot be rescinded or otherwise challenged.
 {¶ 17} R.C. 3111.27 provides, in relevant part: {¶ 18} "(A) Except as provided in section 2151.232 or 3111.821 of the Revised Code, for an acknowledgment of paternity filed with the office of child support to be rescinded both of the following must occur:
 {¶ 19} "(1) Not later than sixty days after the date of the latest signature on the acknowledgment, one of the persons who signed it must do both of the following: Request a determination under [R.C. 3111.38] of whether there is a parent and child relationship between the man who signed the acknowledgment and the child who is the subject of it;
 {¶ 20} "(a) Give the office written notice of having complied with division (A)(1)(a) of this section and include in the notice the name of the child support enforcement agency conducting genetic tests to determine whether there is a parent and child relationship * * *."
 {¶ 21} Further, R.C. 3111.28 provides, in relevant part:
 {¶ 22} "After an acknowledgment becomes final pursuant to section2151.232, 3111.25, or 3111.821 of the Revised Code, a man presumed to be the father of the child pursuant to section 3111.03 of the Revised Code who did not sign the acknowledgment, either person who signed the acknowledgment, or a guardian or legal custodian of the child may bring an action to rescind the acknowledgment on the basis of fraud, duress, or material mistake of fact." (Emphasis added.)
 {¶ 23} As we discussed above, appellant failed to prove that the acknowledgment has been filed with the office of child support or that it has become final. Therefore, appellee's failure to rescind the acknowledgment did not affect her ability to bring a paternity action under R.C. 3111.04. Appellant's second assignment of error is overruled.
 {¶ 24} Judgment affirmed.
Powell, P.J., and Young, JJ., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.
[2] The trial court's decision that appellee is not a person entitled to relief under R.C. 3119.961 was neither objected to nor appealed. Accordingly, we will not address this aspect of the trial court's decision.